IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| GLORIA JEAN CRAWFORD d/b/a JC KENNELS, <br><br> Plaintiff, <br><br> vs. <br><br> VAN BUREN COUNTY, ARKANSAS and DEBBY FOGLE, Van Buren County Animal Control Officer; HUMANE SOCIETY OF PULASKI COUNTY and KAY JORDAN; BEEBE HUMANE SOCIETY and JAXIE HEPPNER, <br><br> Defendants. | No. 4:09CV00932 SWW |

**Memorandum Opinion and Order**

Plaintiff Gloria Jean Crawford d/b/a/ JC Kennels ("Crawford") brings this action under 42 U.S.C. § 1983 seeking damages for the alleged "taking of property without just compensation and unreasonably in violation of the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution." Compl. at 1. She also asserts state law claims of trespass and conversion. The matter is before the Court on defendants' motions for summary judgment to which plaintiff responded. Defendants filed replies. Also before the Court is plaintiff's motion for summary judgment to which defendants responded. After careful review of the motions, responses, briefs, statements of undisputed facts, exhibits, and replies, the Court finds plaintiff's motion should be denied and defendants' motions should be granted.

**Background**

Beginning in 1995, Crawford operated a kennel out of her home in Bee Branch, Arkansas, breeding purebred puppies. On March 15, 2005, separate defendant Debby Fogle, a Van Buren County, Arkansas, animal control officer, entered Crawford's property and seized approximately 163 dogs. Fogle left approximately 120 larger dogs outside because she thought they were in relatively "okay" condition. Crawford was charged with and pled guilty to 163 counts of cruelty to animals. She entered into a negotiated plea which included an agreement that the animals seized would be forfeited to Van Buren County ("VBC"). Crawford says she pled guilty in order to avoid a felony drug charge. Crawford received a twelve month suspended sentence The plea agreement allowed Fogle to inspect Crawford's property up to two times per month.

Fogle visited the property two or three times from August 16, 2005, until December 13, 2006, and had no complaints prior to the last complaint she received. On December 13, 2006, Fogle obtained and executed a search warrant on Crawford's property. According to the allegations of the complaint, Kay Jordan, the shelter manager of the Humane Society of Pulaski County (Arkansas) ("HSPC"), and Jaxie Heppner, president of the Beebe (Arkansas) Humane Society ("BHS"), (" the Humane Society Defendants"), participated in the search and seizure. Compl. at ¶ 23. Crawford was charged with 201 counts of cruelty to animals and taken into custody. Over the course of the next four days, 201 dogs were removed from the property. In addition to the dogs, other items were taken, including animal pens, food, computers, and cameras. After a bench trial on March 8, 2007, Crawford was found guilty of one count of animal cruelty and not guilty of the other 200 counts. The judge ordered the dogs and everything else listed on the search warrant to be forfeited to VBC.

Crawford appealed the conviction to the state circuit court and posted an appeal bond. While the appeal was pending, Crawford filed a motion to suppress which the court granted on March 13,

2008. After efforts to locate Fogle were unsuccessful, the state filed a motion to *nolle prosequi*. The motion was granted on May 21, 2009. Crawford filed the complaint before the Court on December 11, 2009, naming VBC, Fogle, Jordan, the HSPC, Heppner, and the BHS as defendants. Defendants filed separate motions for summary judgment on January 24, 2011. Crawford filed a response on February 14, 2011, which included her own motion for summary judgment.[1] VBC and the HSPC and Jordan filed a reply to Crawford's response, and VBC and the HSPC and Jordan filed a response to Crawford's motion for summary judgment.

## Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 587 (quoting Fed. R. Civ. P. 56(e)).

---

[1] The deadline for filing motions for summary judgment was January 24, 2011. On February 7, 2011, plaintiff sought and received an extension of time until February 14, 2011, to respond to separate defendants' motions for summary judgment. Plaintiff filed a timely "response" which was, in effect, her own motion for summary judgment. She also filed a brief in support of the summary judgment motion and a statement of undisputed facts. The PCHS and Jordan argue plaintiff's motion for summary judgment was not properly filed and is untimely. The Court agrees; even so, the Court denies the motion on its merits.

"[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita*, 475 U.S. at 587 (citations omitted). Further, summary judgment is particularly appropriate where an unresolved issue is primarily legal, rather than factual. *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995).

A party moving for summary judgment does not have the burden of negating the nonmoving party's claim when "there is absence of evidence to support the nonmoving party's case," as "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims." *Celotex,* 477 U.S. 317 at 324-25.

## Discussion

**Van Buren County Defendants**

Crawford sues VBC and former VBC animal control officer Debby Fogle. The Eighth Circuit has advised plaintiffs to specifically plead whether government agents are being sued in their official or individual capacities to ensure prompt notice of potential personal liability. *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). When a plaintiff fails to state whether she is suing an official in her individual capacity, the Eighth Circuit has construed the claim to be against the agent in her official capacity only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 533 (8th Cir. 1999); *Edgerdahl v. Hibbing Comty. College*, 72 F.3d 615, 620 (8th Cir. 1995). Here, Crawford fails to state whether she is suing Fogle in her individual capacity. She identifies Fogle as the animal

control officer for VBC. The Court, therefore, construes Crawford's claims as being made against Fogle in her official capacity.

A lawsuit against a governmental actor in her official capacity is synonymous with a suit against the entity itself. Therefore, the official capacity claims against Fogle are actually claims against VBC. *See Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent). It is well settled that a plaintiff may establish local government liability under § 1983 by proving that her constitutional rights were violated by an "action pursuant to official [local government] policy" or misconduct so pervasive among non-policymaking employees of the [local government] "as to constitute a 'custom or usage' with the force of law." *Ware v. Jackson County, Mo.,* 150 F.3d 873, 880 (8th Cir.1998)(quoting *Monell v. Dep't of Social Servs. of the City of New York,* 436 U.S. 658, 691 (1978)).

Here, there is no allegation of an official county policy; rather, Crawford asserts that Fogle and others acted pursuant to an unconstitutional custom or practice. "Custom or usage" is demonstrated by: (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) the plaintiff's injury by acts pursuant to the governmental entity's custom, *i.e.,* proof that the custom was the moving force behind the constitutional violation. *Jane Doe A v. Special Sch. Dist.,* 901 F.2d 642, 646 (8th Cir. 1999). Crawford contends VBC's actions on March 15, 2005, and December 13, 2006, establish a continuing, widespread, and persistent pattern of unconstitutional misconduct on the part of VBC employees and their agents.

There is nothing in the record to show that the confiscation of Crawford's property as a result of her March 2005 arrest and subsequent conviction was unconstitutional.[2] While the circuit court judge granted Crawford's motion to suppress the evidence obtained in the search on December 13, 2006, that ruling does not establish a custom or pattern of unconstitutional misconduct. *See MGautha v. Jackson Cnty.*, 36 F.3d 53, 56-7 (8th Cir. 1994)(liability for unconstitutional custom or usage cannot arise from a single act).[3] Even if the December 13, 2006, incident was sufficient to show a widespread pattern of unconstitutional conduct, Crawford presents no facts from which a reasonable jury could find deliberate indifference to, or tacit authorization of, the alleged conduct by VBC, or that a custom or practice caused the injury.

The Court further finds that Crawford failed to exhaust her administrative remedies as to her claims that VBC violated her procedural due process rights. Under Rule 15.2 of the Arkansas Rules of Criminal Procedure, "any other person asserting a claim to rightful possession of the things seized may move the court having jurisdiction of the matter to restore the things seized to such person."

---

[2] VBC asserts Crawford's claim about the March 15, 2005, incident is untimely because she did not file the complaint before the Court until December 11, 2009, more than three years after the fact. Crawford argues the 2005 incident is part of a continuing violation and therefore, extends the statute of limitations to December 13, 2006, the date of the second incident. The Eighth Circuit has recognized the existence of the continuing violations doctrine in the context of employment disputes, *see Kline v. City of Kansas City,* 175 F3d 660 (8th Cir. 1999); *Hukkanen v. Int'l Union of Operating Engineers Hoisting & Portable*, 3 F.3d 281 (8th Cir. 1993). Crawford does not cite and the Court has not found any binding authority applying the doctrine in a factual context similar to the one here. *See Poor Bear v. Nesbitt*, 300 F.Supp.2d 904, 913 (D.Neb. 2004). *Cf. Rural Water System No. 1 v. City of Sioux Center, Iowa*, 967 F.Supp. 1483, 1508 (N.D.Iowa,1997)(continuing violation doctrine may be applicable where municipal water company allegedly engaged in an illegal course of conduct over many years regarding water services).

[3] Crawford argues the doctrine of *res judicata* precludes defendants from arguing they did not violate her constitutional rights in the search and arrest in December 2006. Res judicata precludes the relitigation of a claim if: "(a) the prior judgment was rendered by a court of competent jurisdiction; (b) the prior judgment was a final judgment on the merits; and (c) the same cause of action and the same parties or their privies were involved in both cases." *Murphy v. Jones,* 877 F.2d 682, 684 (8th Cir. 1989). Because Crawford's motion to suppress and the action before the Court are not the same cause of action, the doctrine does not apply.

The Eighth Circuit has held that when property is seized by law enforcement, the State of Arkansas has an adequate post-deprivation remedy that satisfies due process requirements, and a party's failure to exhaust the state post-deprivation remedy, *i.e.* petitioning the circuit court for return of seized property pursuant to Ark. R. Crim. P. 15.2, negates any alleged due process claim. *Walden v. Carmack*, 156 F.3d 861, 874 (8th Cir. 1998).

Crawford forfeited the property seized in 2005 pursuant to a plea agreement. The property seized in 2006 was forfeited pursuant to a guilty verdict which was appealed. After the circuit court granted Crawford's motion to suppress and the prosecutor was unable to locate Fogle, the case against Crawford was *nolle prosequi*. There is no evidence that Crawford filed a motion with the district or circuit court where the criminal charges against her were filed, requesting at any time after her property was seized, that the court release her property under Rule 15.2. Therefore, Crawford's claims against the County are dismissed.

**Humane Society Defendants**

Crawford alleges that after her release from jail following the March 2005 incident, Jordan, and Heppner, along with Fogle, met with Crawford and told her they would drop the charges if she "signed over" the dogs. When she refused, Crawford was prosecuted. Compl. at ¶14. As to the December 2006 incident, Crawford alleges Jordan and Heppner participated in the search and seizure of her property and were taking possession of dogs. Compl. at ¶23. Crawford alleges the Humane Society Defendants engaged in a civil conspiracy to violate her constitutional rights, and to trespass and convert her property. Compl. at ¶¶ 46 & 47. The Humane Society Defendants move for summary judgment.

In her response to interrogatories, Crawford said a meeting at which the Humane Society Defendants were present took place at the Van Buren County jail sometime between March 15 and March 20, 2005, that Fogle made the statement about Crawford signing over the dogs, and that the sheriff was present. *See* PCHS Mot. Summ.J., Ex. 3 at 8. Further, under the plea agreement resolving the March 2005 incident, all animals seized by the Van Buren County Sheriff's Office were forfeited to the County and were to be made available for adoption or other appropriate disposition. *Id.*, Ex. 1.

Crawford presents no evidence to establish that the Humane Society Defendants initiated any actions against her and admits that they were was acting at the request of Fogle to help with the dispersal of the confiscated dogs. Crawford furthermore presents no evidence to support her allegations that the Humane Society Defendants conspired with VBC to violate her constitutional rights.[4]

**State Law Claims**

Pursuant to 28 U.S.C. § 1367(c)(3), a court may "decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdicition." "In most cases, when federal and state claims are joined and the federal claims are dismissed on a motion for summary judgment, the pendent state claims are dismissed without prejudice to avoid needless decisions of state law." *Ivy v. Kimbrough*, 115 F.3d 550, 552-53 (8th Cir.

---

[4] Private parties may be liable under 42 U.S.C. § 1983 only if they have been jointly engaged with public officials in the denial of constitutional rights. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). "Under § 1983, a plaintiff must establish not only that a private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy." *Dossett v. First State Bank*, 399 F.3d 940, 951 (8th Cir. 2005).

1997)(internal quotation marks and citations omitted). The Court finds that Crawford's state law claims should be dismissed without prejudice.

## Conclusion

IT IS THEREFORE ORDERED that defendants' motions for summary judgment [docket entries 31, 32, and 34] should be and are hereby granted. Plaintiff's federal law claims are dismissed with prejudice; her state law claims are dismissed without prejudice. Judgment will be entered accordingly.

DATED this 15th day of April, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE